HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FERNANDO LOPEZLENA, | CASE NO. 3:12-cv-05313 |
| Plaintiff, | ORDER |
| v. | |
| LITTON LOAN SERVICE, LP; OCWEN LOAN SERVICING, LLC, | |
| | [DKT. #8] |
| Defendants. | |

## I.   INTRODUCTION

THIS MATTER comes before the Court on Defendants' Motion to Dismiss (Dkt. # 8). Fernando Lopezlena filed the present action asserting that Defendants violated the Emergency Mortgage Relief Act ("EMRA") and that Defendants committed fraud by violating his equal protection and due process rights by delaying his loan modification application under the Home Affordable Modification Program ("HAMP") (Dkt. # 7). Defendants moved to dismiss Lopezlena's claims because neither EMRA nor HAMP provide a private right of action, HAMP does not create a duty to approve a modification application, and Lopezlena has failed to plead facts with particularity sufficient to support a claim for fraud.

## II.  FACTUAL BACKGROUND

On September 21, 2005, Lopezlena signed a Promissory Note and Deed of Trust to secure a home mortgage loan with WMC Mortgage Corporation for $248,000 on his home at 6405 62nd Avenue Ct. NW, Gig Harbor, Washington.[1]  Defs.' Mot. Dismiss at 4:3–4 (Dkt. # 8); Def.'s Req. Jud. Not., Ex. 1 (Dkt. #9).  Defendant Litton served as the initial loan servicer after the loan's origination.  *Id.* at 3:6.

In 2008, Litton contacted Lopezlena regarding arrearages on his loan, and on September 9, 2008, the parties agreed to a temporary Repayment Plan.  *See* Pl.'s Resp., Exhibit A (Dkt. #10).  Lopezlena first contacted Litton requesting a home loan modification around May 2009.  *Id.*; Pl.'s Compl. at ¶ 7.  On October 28, 2009, Litton informed Lopezlena that his loan did not meet guidelines to qualify for a loan modification.  *Id.*

Lopezlena again attempted to modify his loan in May 2011, under HAMP.  Pl.'s Resp., Exhibit A.  While Lopezlena's HAMP application was still being considered, Litton transferred servicing to Defendant Ocwen on September 1, 2011.  Pl.'s Compl. at ¶ 8.  The beneficial interest in the Deed was assigned to Deutsche Bank National Trust Company as Trustee under the Pooling and Servicing Agreement dated December 1, 2005, GSAMP Trust 2005-WMC3.  Req. Jud. Not., Ex. 2.

Lopezlena's HAMP application continued to be processed after the transfer and Ocwen informed Lopezlena that his application was missing required documentation.  Pl.'s Resp., Exhibit A.  Lopezlena received notification on March 13, 2012, that he was not eligible for modification under HAMP because he had failed to submit all required documents.  *Id.*

---

[1] The Court takes Judicial Notice (Dkt. #9) of the Deed of Trust and the Assignment of Deed of Trust because they are matters of public record and the Complaint inherently relies upon them.

1  On April 13, Lopezlena sued asserting that Ocwen failed to "honor promises that Litton
2  made during the home loan modification campaign . . . ." Pl.'s Compl. at ¶ 8. Lopezlena
3  generally contends that Defendants have violated EMRA and fraudulently violated HAMP,
4  thereby violating his due process and equal protection rights. *Id*. Defendants stress that
5  Lopezlena's complaint fails to state a claim because neither EMRA nor HAMP provide a private
6  right of action, Defendants owed no duty to Lopezlena to approve a modification plan, and
7  EMRA does not relate to lenders providing loan modification to borrowers. Defs.' Mot. Dismiss
8  at 6–7.

### III.   DISCUSSION

10  Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal
11  theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v.*
12  *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must allege facts to state
13  a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). A
14  claim has "facial plausibility" when the party seeking relief "pleads factual content that allows
15  the court to draw the reasonable inference that the defendant is liable for the misconduct
16  alleged." *Id.* Although the Court must accept as true a complaint's well-pled facts, conclusory
17  allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6)
18  motion. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State*
19  *Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds'
20  of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic
21  recitation of the elements of a cause of action will not do. Factual allegations must be enough to
22  raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555
23  (2007) (citations and footnote omitted). This requires a plaintiff to plead "more than an

1  unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677 (citing
2  *Twombly* ).

3  Where a *pro se* petitioner is facing dismissal, the court will construe his or her pleadings
4  liberally. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Bretz v.*
5  *Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) ("[W]e have an obligation where the
6  petitioner is pro se . . . to construe the pleadings liberally and to afford the petitioner the benefit
7  of any doubt."). Although the Court holds the pleadings of pro se plaintiffs to "less stringent
8  standards than those of licensed attorneys," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "those
9  pleadings nonetheless must meet some minimum threshold in providing a defendant with notice
10 of what it is that it allegedly did wrong." *Brazil v. U.S. Dept. of Navy*, 66 F.3d 193, 198–99
11 (1995). The Court should not "supply essential elements of the claim that were not initially
12 pled." *Bruns v. National Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997).

13 **A. Claims for violation of EMRA**

14 EMRA was enacted to "prevent widespread mortgage foreclosures and distress sales of
15 homes resulting from the temporary loss of employment and income." 12 U.S.C. § 2701(b).
16 The program uses "emergency loans and advances and emergency mortgage relief payments to
17 homeowners to defray mortgage expenses." *Id*. Assistance is available if: (1) the holder of the
18 mortgage has indicated to the mortgagor an intention to foreclose; (2) the mortgagor and holder
19 indicate in writing to the appropriate government agencies that circumstances make it probable
20 that there will be a foreclosure and the mortgagor is in need of emergency relief; (3) payments
21 under the mortgage have been delinquent at least three months; (4) the mortgagor has incurred a
22 substantial reduction in income due to involuntary unemployment or underemployment and is
23 unable to make full mortgage payments; (5) there is reasonable prospect that the mortgagor will
24

be able to make the adjustments necessary for full resumption of mortgage payments; and (6) the mortgaged property is the primary residence of the mortgagor.  12 U.S.C. § 2702.

Assistance under EMRA is in the form of "emergency mortgage relief loans and advances of credit" insured by the Secretary of Housing and Urban Development, or by direct payments to the mortgagee, on behalf of the mortgagor, by the Secretary.  12 U.S.C. § 2703(a); 12 U.S.C. § 2704(a).

EMRA does not provide an express private right of action.  *See* 12 U.S.C. § 2701 *et seq*.  No Ninth Circuit case determines whether there is an implied private right of action.  To determine whether a statute provides for an implied private right of action, the Court looks to whether Congress intended to create the private remedy asserted.  *Suter v. Artist M.*, 503 U.S. 347, 364 (1992).  The burden of demonstrating congressional intent to create an implied right of action rests on the party asserting the right.  *Id.* at 363–64.  The Supreme Court has set forth a four-part test for determining an implied private right of action: (1) whether the plaintiff is a member of a class for whose benefit the statute was enacted; (2) whether there is any explicit or implicit indication of congressional intent to create or deny a private remedy; (3) whether a private remedy would be consistent with the underlying purposes of the legislative scheme; and (4) whether the cause of action is one traditionally relegated to state law.  *Cort v. Ash*, 422 U.S. 66, 78 (1975).

Lopezlena fails to show a private right of action exists under EMRA.  Although Congress created the act to "prevent widespread mortgage foreclosures and distress sales," and Lopezlena arguably falls within that class, there is insufficient evidence to support that any of the other four factors indicate an implied right of action.  *See generally* 12 U.S.C § 2701.

Even if a private right of action exists, Lopezlena fails to provide facts sufficient to support a violation.

1       Moreover, EMRA does not relate to home loan modifications. Lopezlena alleges that

2 Litton violated EMRA while his home loan was under review for modification. However,

3 EMRA provides only for emergency relief payments to avoid foreclosure—not loan

4 modifications. *See* 12 U.S.C. § 2703. Lopezlena's allegations that Defendants violated EMRA

5 by failing to approve a loan modification cannot support a claim as a matter of law.

6       **B. Claims Arising From the Loan Modification Application**

7           **1.     Claims of Loan Modification Fraud**

8       Lopezlena alleges "loan modification fraud by violations of due process and equal

9 protection rights." Compl. at 4. To state a claim for common law fraud, a plaintiff must allege

10 nine elements: (1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's

11 knowledge of its falsity; (5) intent of the speaker that it should be acted upon by plaintiffs; (6)

12 plaintiffs' ignorance of its falsity; (7) reliance on the representation; (8) plaintiffs' right to rely

13 upon it; and (9) actual harm. *Stiley v. Block*, 130 Wash. 2d 486, 506 (1996). These facts must be

14 pled with particularity. Fed. R. Civ. P. 9(b). In other words, a plaintiff must identify the

15 representations, that they were false when made, the speaker, when and where the statements

16 were made, and how the representations were false or misleading. *In re GlenFed, Inc. Sec.*

17 *Litig.*, 42 F.3d 1541, 1547 n.7 (9th Cir. 1994). Lopezlena has failed to allege the elements of

18 fraud. Even considered liberally, Lopezlena does not identify misrepresentations which he relied

19 upon, or any other particular facts sufficient to claim fraud.

20           **2.     Claims for Violation of HAMP**

21       HAMP provides lenders federal funds to offer loan modifications to prevent a foreclosure

22 sale. *See Yongbae Kim v. Bank of Am., N.A.*, 11-cv-296, 2011 WL 3563325 (W.D. Wash. Aug.

23 11, 2011); 12 U.S.C. § 5219. There is no private right of action by a homeowner to enforce the

24 provisions of HAMP. *Id.*; *see also Mirzoyan v. Wells Fargo Bank, N.A.*, 11-cv-023, 2012 WL

1259079 (W.D. Wash. Apr. 13, 2012); *Lucia v. Wells Fargo Bank, N.A.*, 798 F. Supp. 2d 1059, 1066 (N.D. Cal. 2011). "Neither the Emergency Economic Stabilization Act, which created HAMP, nor HAMP's guidelines create 'a property interest in loan modifications for mortgages in default.'" *Lucia*, 798 F. Supp. 2d at 1066 (citing Williams *v. Geithner*, 2009 WL 3757380, at *6 (D. Minn. Nov. 9, 2009); *see also Hoffman v. Bank of America, N.A.*, 2010 WL 2635773, at *3 (N.D. Cal. June 30, 2010) (holding that because lenders are not required to make loan modifications for borrowers that qualify under HAMP and the servicer's agreement does not confer an enforceable right on the borrower, there is no private right to enforce HAMP)).

In short, there is no private right of action created under HAMP.

### 3. Additional Claims Relating to the Modification

Reading Lopezlena's *pro se* complaint liberally, he vaguely alleges that Ocwen violated his due process and equal protection rights by delaying his HAMP application, assuming servicing of the loan, ignoring Litton's prior modification process, not upholding any modifications of the loan Litton approved, and failing to approve the loan which similarly situated applicants had received modifications. Additionally, he references a separation of his note and deed of trust and an improper notification of the assignment of the deed. The Fourteenth Amendment rights Lopezlena seeks to vindicate guard only against state action. *See Arnold v. IBM*, 637 F.2d 1350, 1356 (9th Cir. 1981) (discussing state-action requirement) (citations omitted). No state action is involved here.

## IV. CONCLUSION

Defendants' Motion to Dismiss (Dkt. #8) is **GRANTED**, and Plaintiff's claims are **DISMISSED** with prejudice.

IT IS SO ORDERED.

Dated this 28th day of September, 2012.

Ronald B. Leighton
United States District Judge